Nicholson, C. J.,
delivered tbe opinion of tbe court.
This was an action of forcible entry and detainer commenced before three justices of tbe peace. On tbe trial tbe cause was dismissed because tbe plaintiff bad not given bond for costs, but bad taken tbe pauper oath. Tbe justices refused an appeal. Tbe cause was then taken to tbe circuit court by certiorari, where it was dismissed for want of a bond for costs, but an appeal was granted to this court on tbe pauper oath.
Tbe only question in tbe case is as to tbe correctness of .the judgment of tbe circuit judge in dismissing tbe case for want .of a bond for costs.
Tbe pauper oath bad been regularly taken and no effort was made to dispauper tbe plaintiff. We are aware of no law which excludes a plaintiff from bringing a suit for a forcible entry and detainer upon taking tbe pauper oath. This is not one of tbe actions forbidden to be brought without bond for costs.
Tbe reasons for prohibiting certain actions, such as false imprisonment, malicious prosecution and slander from being brought without cost bonds, does not apply to tbe institution of suits for forcible entry and detainer, and as tbe *424 statutes have not prohibited, such suite by poor persons, the courts can make no such exceptions.
"Whether after judgment in action of forcible entry and detainer, appeals can be taken without bond and security as required in such cases, we need not decide, as that question is not before ns.
The judgment is reversed, and the cause remanded for trial upon its merits.